IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LORIE JEAN HINKEL,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITED STATES OF AMERICA and<br>ALASTAIR HOYT<br><br>        Defendants. | Civil Action No. 16-C-535 |

**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677**

It is hereby stipulated by and between the undersigned plaintiff (meaning any person, other than the defendant and the attorneys, signing this agreement, whether or not a party to this civil action), and the United States of America, by and through their respective attorneys, as follows:

1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Settlement Agreement.

2. The United States of America agrees to pay the sum of $1,000,000.00, which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for

1

wrongful death, for which plaintiff or her guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees.

3. Plaintiff and her guardians, heirs, executors, administrators or assigns hereby agree to accept the sums set forth in this Stipulation of Compromise Settlement in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and her guardians, heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America, its agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiff or her guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

4. This stipulation for compromise settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the plaintiff.

2

Case 2:16-cv-00535-NJ   Filed 01/25/17   Page 2 of 5   Document 19

This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

5. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the plaintiff will be paid out of the settlement amount and not in addition thereto.

6. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

7. The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement. In the event any plaintiff is a minor or a legally incompetent adult, the plaintiff must obtain Court approval of the settlement at her expense. Plaintiff agrees to obtain such approval in a timely manner: time being of the essence. Plaintiff further agrees that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event plaintiff fails to obtain such Court approval, the entire Stipulation For Compromise Settlement And Release and the compromise settlement are null and void.

8. Payment of the settlement amount will be made by government wire transfer as per the following:

    A.    Name of Bank: Bank of America
    B.    Street Address of Bank: 6929 East Shea Boulevard
    C.    City, State and Zip Code of Bank: Scottsdale, AZ 85254
    D.    Routing Number: 122101706
    E.    Name of Account: Erin Steffin Attorney at Law Trustee
    F.    Account Number: 457020847883

3

Plaintiff's attorney agrees to distribute the settlement proceeds among the plaintiff, and to obtain a dismissal of the above-captioned action with prejudice, with each party bearing its own fees, costs, and expenses.

9. The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

10. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Executed this 24th day of January, 2017.

_____
GREGORY J. HAANSTAD
Attorney for Defendant,
United States of America


Executed this 24th day of January, 2017.

_____
MICHAEL A. CARTER
Attorney for Defendant,
United States of America


Executed this 24th day of January, 2017.

_____
THOMAS P. VALET
Attorney for Plaintiff

4

Executed this 24TH day of January, 2017.

_____
ERIN STEFFIN
Attorney for Plaintiff


Executed this 24th day of January, 2017.

_____
LORIE JEAN HINKEL
Plaintiff

5

Case 2:16-cv-00535-NJ   Filed 01/25/17   Page 5 of 5   Document 19